been interrupted. See *People v. Cain*, 35 Ill.2d 184, 188, *cert.* denied 385 U.S. 1042.

In *People v. Judkins*, 10 Ill.2d 445, the court faced a similar contention by defendant when the arresting officer could not identify a tinfoil packet containing heroin allegedly taken from defendant.

"A rule that required not only that continuity of possession be established, but also that there be positive identification by everyone concerned, would impose an unnecessary burden, while it would not assure a fairer trial to the accused. Continuity of possession is as effective to guarantee identity as are identifying marks or labels. Indeed, since identifying marks may be fabricated at a later date, continuity of possession, which requires proof of delivery, presence and safe keeping, is more readily subject to verification." ( P. 448. )

There was no suggestion of tampering, alteration or substitution in this case, and we conclude that the heroin evidence was properly admitted. *People v. Anthony*, 28 Ill.2d 65, 69. See also *People v. Norman*, 24 Ill.2d 403, 407.

The judgment is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.

MARY LOU LOUGHLIN, Plaintiff-Appellee, *v.* WILLOW FARMS, INC., Defendant-Appellant.

( No. 55075;

First District—January 10, 1972.

Opinion by Mr. JUSTICE LYONS.

Max Tyson, of Chicago, for appellant.